**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA AHAMED,<br>                              **Plaintiff,**<br><br>**v.**<br><br>**563 MANHATTAN INC. D/B/A COTTER BARBER,**<br>**321 GRAHAM INC. D/B/A COTTER BARBER, and**<br>**BRIAN BURNAM,**<br><br>                              **Defendants.** | **Case No.: 19-CV-6388**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Joshua Ahamed brings this action alleging, by and through the undersigned attorneys, upon personal knowledge as to some and information and belief as to the rest, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff Joshua Ahamed ("Ahamed" or "Plaintiff") charges that Brian Burnam ("Burnam"), manager and owner of 563 Manhattan Inc. and 321 Graham, Inc. d/b/a Cotter Barber (collectively "Cotter Barber") groped Ahamed's buttocks intentionally, repeatedly, and without their consent; touched Ahamed's genitals with a foreign object; and recorded the acts on Burnam's personal closed-circuit security camera system, all while Ahamed was working at Cotter Barber locations, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 § U.S.C. 2000e et seq.

2.      Plaintiff Ahamed also charges that Burnam groped Ahamed's buttocks intentionally, repeatedly, and without their consent; touched Ahamed's genitals with a foreign object; and recorded the acts on Burnam's personal closed-circuit security camera system, all while Ahamed was working at Cotter Barber locations, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq.

3.      Plaintiff Ahamed also charges Burnam with battery under New York common law.

4.      Plaintiff seeks damages from Defendants for these violations, including front pay, back pay, emotional distress damages, and punitive damages, as well reasonable attorneys' fees, costs, and expenses, as provided by the foregoing civil rights laws.

## PARTIES

5.      Plaintiff Joshua Ahamed is a natural person, over eighteen years of age, and citizen of New York.

6.      Defendant 563 Manhattan Inc. d/b/a Cotter Barber is a New York domestic corporation.

7.      Defendant 321 Graham Inc. d/b/a Cotter Barber is a New York domestic corporation.

8.      Defendant Brian Burnam is a natural person, over eighteen years of age, and citizen of New York, with residence at 563 Manhattan Avenue, Brooklyn, New York.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this a case or controversy arising under federal law.

10.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is properly laid in the Eastern District of New York because all parties are domiciled within this District and a substantial part of the events giving rise to this action occurred in this District.

12.     Plaintiff Ahamed filed charges of discrimination against Defendants based upon the underlying charges in this lawsuit with the U.S. Equal Employment Opportunity Commission, and in response, the EEOC notified Plaintiff Ahamed that it had closed the charges filed with it and would be issuing Notices of Right to Sue on or after October 31, 2019.

13.     This original Complaint was timely filed with this Court within 90 days of October 31, 2019.

## FACTS

14.     Plaintiff Joshua Ahamed is bisexual.

15.     On or about June 2019, Plaintiff Joshua Ahamed ("Ahamed") began employment with Defendants, as a barista, working at both the Cotter Barber located at 563

3

Manhattan Avenue, Brooklyn, NY and another location at 321 Graham Avenue, Brooklyn, NY.

16.     Cotter Barber is a barber shop/coffee shop that caters predominately to young men.

17.     Defendant Brian Burnam ("Burnam") formed Defendant 563 Manhattan Inc. and Defendant 321 Graham Inc. in order to operate Cotter Barber locations in Brooklyn, NY.

18.     Burnam interviewed Ahamed to work at the Cotter Barber locations.

19.     Burnam hired Ahamed to work at the Cotter Barber locations.

20.     Burnam set Ahamed's rate of pay for work performed at the Cotter Barber locations.

21.     Burnam set Ahamed's work schedule at the Cotter Barber locations.

22.     Burnam had the ability to fire Ahamed from the Cotter Barber locations.

23.     Burnam monitored Ahamed using security cameras located inside the Cotter Barber locations.

24.     Burnam visited Ahamed during Ahamed's shifts at the Cotter Barber locations.

25.     On at least four occasions, between May 18 and July 2, 2019, Bernam engaged in non-consensual sexual touching of Ahamed's buttocks during Ahamed's work shift at the Cotter Barber locations.

26.     The foregoing non-consensual sexual touching was captured on the foregoing security cameras that are within the dominion and control of Bernam.

27.     Bernam had the ability to re-watch his non-consensual sexual touching of Ahamed via the foregoing security camera system.

28.     On Saturday, June 29, 2019, the weekend of the 2019 New York City Pride Parade, Burnam had the following text message exchange with Ahamed (whose nickname is Jude) and another co-worker, while Ahamed was working at Cotter Barber:



29.     On Tuesday, July 2, 2019, Bernam engaged in further non-consensual sexual touching of Ahamed while Ahamed was working at Cotter Barber by tapping Ahamed's genitals with a large glass bottle in front of another co-worker.

30.     On July 3, 2019, Ahamed caused notice to be sent to Bernam, via his e-mail, brian@cotter.nyc, to preserve and not destroy all evidence relating to the foregoing, including but not limited to the foregoing security camera footage.

31.     Bernam had the ability to preserve all evidence relating to the foregoing, including but not limited to the foregoing security camera footage.

32.     Ahamed suffered, and continues to suffer mental anguish, embarrassment and humiliation as a result of Defendants' willful and discriminatory conduct.

**FIRST CAUSE OF ACTION**
**Unlawful Discrimination – Title VII of the Civil Rights Act of 1964**
**Against all Defendants**

33.     Plaintiff repeats, realleges, and reincorporates by reference each foregoing allegation as though fully set forth herein.

34.     Plaintiff is a member of a class protected by Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000e et seq. ("Title VII").

35.     Defendants discriminated against Plaintiff on the basis of their membership in a class or classes protected by Title VII, by among other things, creating and maintaining a hostile work environment.

36.     Such hostile work environment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

37.     Such hostile work environment constituted a constructive discharge.

38.     Such hostile work environment made Plaintiff's working conditions so intolerable that a reasonable person in their position would have felt compelled to resign.

39.     Such hostile work environment may be imputed to Defendants, as employers, because Defendants provided no reasonable avenue of complaint for Plaintiff and/or failed to take appropriate remedial actions in response to Plaintiff's complaints.

40.     By their conduct, including by not limited to, failing and refusing to provide a reasonable avenue of complaint, and/or to take appropriate remedial action in response to Plaintiff's complaints of hostile work environment, Defendants ratified and condoned Defendant Burnam's misconduct that violated Plaintiff's protected rights under Title VII, effectively giving him permission to continue.

41.     Defendants' conduct was intentional as Defendants acted with malice and/or with reckless indifference to Plaintiff's protected rights under Title VII.

42.     As a consequence of its actions, Defendants are liable to Plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, and reasonable attorneys' fees, costs and expenses in this action.

## SECOND CAUSE OF ACTION
### Unlawful Discrimination – New York City Human Rights Law
### Against all Defendants

43.     Plaintiff repeats, realleges, and reincorporates by reference each foregoing allegation as though fully set forth herein.

44.     Plaintiff is a member of a class protected by the New York City Human Rights Law, N.Y.C. Admin. Code, 8-101 et seq.  ("NYCHRL").

45.     Defendants discriminated against Plaintiff on the basis of their membership in the class or classes protected by NYCHRL, by among other things, creating and maintaining a hostile work environment.

46.     Such hostile work environment constituted a constructive discharge.

47.     Such hostile work environment made Plaintiff's working conditions so intolerable that a reasonable person in their position would have felt compelled to resign.

48.     Defendant Burnam is individually liable to Plaintiff for his discriminatory acts that violated the NYCHRL.

49.     Defendant 563 Manhattan Inc. d/b/a Cotter Barber, 321 Graham Inc. d/b/a Cotter Barber are strictly liable to Plaintiff for Defendant Burnam's discriminatory acts that violated the NYCHRL.

50.     Defendants' conduct was intentional as Defendants acted with malice and/or with reckless indifference to Plaintiff's protected rights.

51.     As a consequence of its actions, Defendants are liable to Plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, and reasonable attorneys' fees, costs and expenses in this action.

### THIRD CAUSE OF ACTION
**Battery**
**Against Defendant Brian Burnam**

52.     Plaintiff repeats, realleges, and reincorporates by reference each foregoing allegation as though fully set forth herein.

53.     Defendant Bernam intentionally and repeatedly caused non-consensual and offensive bodily contact with Plaintiff.

54.     As a result of the foregoing, Plaintiff suffered injury, the extent to which will be determined at trial.

## JURY TRIAL REQUESTED

Plaintiff requests a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     An order that foregoing conduct by Defendants violates Title VII;

B.     An order that foregoing conduct by Defendants violates the NYCHRL;

C.     An order restraining Defendants from creating and maintaining a work environment that violates Title VII and the NYCHRL;

D.     An award of back pay, front pay, emotional distress damages, punitive damages, reasonable attorneys' fees, costs, and expenses;

E.     Pre-judgment and post-judgment interest;

F.     Any other relief the Court deems just and necessary.

Dated:      Brooklyn, New York
            November 12, 2019

                                        Respectfully submitted,


                                        By: _____
                                        Zachary J. Liszka, Esq.
                                        33 Nassau Avenue, FL 2
                                        Brooklyn, NY 11222
                                        (347)762-5131
                                        z@lglaw.nyc