# LAW OFFICE OF MICHAEL L. FERCH
### 280 MADISON AVENUE, SUITE 912
### NEW YORK, NY 10016

BROOKLYN OFFICE:  
71 OCEAN PARKWAY, SUITE 3N  
BROOKLYN, NY 11218

PHONE (212) 757-2520  
FAX (718) 972-4505  
MICHAEL@FERCHLAW.COM

May 16, 2021

**BY ECF**

Magistrate Judge Cheryl L. Pollak  
Chambers Room 1230  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re:  Ahamed v. 563 Manhattan Inc., et al.; 1:19-cv-06388-EK-CLP Pre-Motion Letter to Compel Production of DVRs

Dear Magistrate Judge Pollak:

    This letter is in response to Plaintiff's May 10, 2021 Pre-Motion Letter (the "Letter") submitted by his counsel, Zachary J. Liszka ("Liszka"). The Letter is a thinly-veiled attempt to have this Court <u>reverse</u> its prior discovery Orders, <u>force</u> Defendants to <u>dismantle and compromise</u> their security cameras, and have <u>no</u> surveillance video for weeks.

    Plaintiff seeks millions of dollars but <u>refuses to pay</u> for inaccessible, hard-drive security camera data to be <u>professionally</u> copied, as previously Ordered on December 11, 2020 (the "December Order"), and which has been available for copying on-site ever since. Instead, Liszka wants to force Defendants to <u>render inoperable</u> their <u>entire</u> surveillance camera systems so <u>Liszka can personally drop off</u> the recorders to the kids at Best Buy's "Geek Squad" for hard-drive copying. Defendants vehemently opposed such an absurd, prejudicial, and potentially catastrophic demand. <u>See</u>, Exhibit "A" attached hereto.

    <u>Within hours</u> after the Court's May 10, 2021 Scheduling Order (the "May Order") arrived, Liszka <u>contacted the experts at Teris</u>[1] to confirm the price for on-site

---

[1] Teris is a professional data retrieval company able to work on-site without business interruption to Defendants.

Magistrate Judge Cheryl L. Pollak
May 16, 2021
Page 2

hard-drive copying, and whether Teris could do this work for Plaintiff within the next two (2) weeks pursuant to the May Order. See, Exhibit "B," attached hereto, which is a summary by Teris' representative, Dan Kulynych, of his conversation with Liszka.[2]

Clearly, Liszka knew Plaintiff's obligations, yet in the Letter he flouts all prior oral arguments about forensic imaging and hard-drive copying, and this Court's Order(s) requiring Plaintiff to bear the cost of "professional" copying. When the parties were before the Court in March, Liszka falsely claimed that Plaintiff had wanted information on a "USB stick" all along. The Court's March 19, 2021 Minute Entry ("March Order") was clear. Plaintiff had a month to revise and submit a Document Request seeking hard-drive copying onto a USB stick, which Plaintiff failed to do.

Instead, Plaintiff served (on the very *last* day of the Court's timeframe) a general and even more expansive request that did not mention forensic copying or a USB stick. See, Exhibit "E," Plaintiff's Second Set of Requests for Documents," July 29, 2020, at p.7, ¶5:

> **Produce for inspection and forensic imaging and copying of the computer(s), their hard drive(s) or other hardware that stored the recordings made by the Security Camera System(s) during the Relevant Period, or, to the extent such recordings were stored on the cloud or other such remote systems, produce access to such cloud-based system or other remote system, for inspection and forensic imaging and copying.**

and *compare with* Exhibit "F" hereto, "Responses and Objections to Plaintiff's Fifth Set of Document Requests," May, 15, 2021, Answer to Request No. 1, at p.4:

---

[2] The parties and Teris had a conference call on January 15, 2021, organized by Liszka. Attached hereto as Exhibit "C" is an e-mail thread regarding the conference call and a cost estimate. Outside of Liszka's pre-motion letters, the *only* action Plaintiff took since January 15, 2021 is to e-mail me on February 23, 2021 that he is "shopping for other vendors." See Exhibit "D" attached hereto. Plaintiff put depositions on hold until he received the hard-drive copies. See, *id*.

Magistrate Judge Cheryl L. Pollak
May 16, 2021
Page 3

> **All recordings made by the security camera system at each Cotter Barber location during the period of time between May 18 and July 2, 2019.**

In Plaintiff's "revised" request, no mention is made of the USB stick Plaintiff wanted "all along." Plaintiff should not be permitted to play "fast and loose" with the Court's Orders. The instant motion is <u>precisely why</u> Defendants' wanted a revised discovery demand regarding a USB stick.

Per the March Order, Defendants investigated copying hard drive data on a USB stick, but determined this could not be done by them. In their good faith judgment, Defendants do not have the skills to copy the hard drive on a USB stick, or otherwise, and the potential for accidental damage, disrepair, or other harm to the recorders is too great. <u>See</u> <u>id</u>., Exhibit F. at p.4

Plaintiff <u>falsely</u> claims the data sought was "destroyed" by Defendants. However, in "Defendants' Responses and Objections to Plaintiff's First Set of Requests to Admit" (attached to the Letter, Exhibit "2"), <u>Defendant Brian Burnam clearly states he did not "destroy any video surveillance</u>." <u>Id</u>., p.3, ¶5.) The hard-drive imaging and data, if it still exists, is stored somewhere in Defendants' recorders and not accessible to Defendants. A specialist is needed. Plaintiff knows this and was <u>ordered</u> to pay for one. Plaintiff's cost-shifting argument fails to meet the basic threshold of accessibility and has <u>no basis</u> in fact in this case.

Should the Court entertain Plaintiff's motion, Defendants would respectfully request additional time to object, if needed, to obtain transcripts from the oral arguments the day before the December and March Orders.

Since this is the <u>third time in six (6) months</u> that Plaintiff seeks Defendant to underwrite the significant costs ($3,750.00 per recorder) for the hard-drive imaging and copying he wants, and to avoid Court-Ordered obligations, Defendants respectfully request, pursuant to FRCP § 1927, that this Court order Plaintiff, or Mr. Liszka

Magistrate Judge Cheryl L. Pollak
May 16, 2021
Page 4

personally, to satisfy the attorneys' fees reasonably incurred to oppose this motion.

Plaintiff continues to <u>willfully disobey Court Orders</u>, act in <u>bad faith</u>, <u>delay</u> discovery, and create "unreasonable and vexatious" multiplication of these proceedings. If plaintiff does not want the hard-drive imaging and copying after all, then Defendants request sanctions against Plaintiff, or Mr. Liszka personally, for the full amount of the attorneys' fees reasonably incurred by Defendants to comply with this Court's Orders and respond to Plaintiff's discovery demands and letter-motions regarding imaging and copying of the recorders.

Accordingly, Plaintiff's proposed motion must be denied in its entirety and legal fees awarded to Defendants.

Thank you in advance for Your Honor's time and attention to this matter.

Respectfully submitted,

Michael L. Ferch

cc: Zachary Liszka, Esq. (by ECF)