ZACHARY J. LISZKA, ESQ.
33 NASSAU AVENUE, FL 2, BROOKLYN, NEW YORK
ZACH@EMPLOYEELAWYER.NYC|347-762-5131

May 16, 2021

**VIA ECF**
Hon. Chief Magistrate Judge Cheryl L. Pollak
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:** *Ahamed v. 563 Manhattan Inc., et al.* - 1:19-cv-06388-EK-CLP
            Plaintiff's Reply to Defendants' Response to Plaintiff's Letter-
            Motion for a Pre-Motion Conference

Dear Chief Magistrate Judge Pollack,

    Plaintiff Ahamed respectfully writes to reply to Defendants' response (ECF 34) to Plaintiff's motion for a pre-motion conference (ECF 33) involving the DVR units that Plaintiff believes recorded the numerous incidents of sexual assault by Defendant Brian Burnam at the two Cotter Barber locations.

    The starting presumption in the law is that "the responding party must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). Of course, under Fed. R. Civ. P. 26(c), a district court may issue an order protecting the responding party from undue burden or expense by "conditioning discovery on the requesting party's payment of the costs of discovery." *Id*. at 358; *see Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 283 (S.D.N.Y.2003) (" *Zubulake III* " ). But, such an order may be granted only on the motion of the responding party and "for good cause shown." Fed.R.Civ.P. 26(c). Further, "the responding party has the burden of proof on a motion for cost-shifting." *Zubulake III, supra,* 216 F.R.D. at 283; *see also Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 573 (N.D.Ill.2004). In the context of ESI, as a threshold matter, Judge Scheindlin stated that "cost-shifting should be considered only when electronic discovery imposes an 'undue burden or expense' on the responding party." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003)("*Zubulake I*") (emphasis omitted), quoting Fed.R.Civ.P. 26(c). "[W]hether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production)." *Zubulake I, supra,* 217 F.R.D. at 318 (emphasis omitted). Data that is "accessible" is stored in a readily usable format that "does need to be restored or otherwise manipulated to be usable." *Zubulake I, supra*, 217 F.R.D. at 320. Conversely, data that is "inaccessible" is not readily useable and must be restored to an accessible state before the data is usable. *Zubulake I, supra*, 217 F.R.D. at 320. For example, backup tapes are considered an inaccessible format, and, thus, shifting the costs of producing data from backup tapes may be considered. *Zubulake I, supra*, 217 F.R.D. at 320.

However, "if a party creates its own burden or expense by converting into an inaccessible format data that it should have reasonably foreseen would be discoverable material at a time when it should have anticipated litigation, then it should not be entitled to shift the costs of restoring and searching the data" under Fed. R. Civ. P. 26(c). *Quinby v. WestLB AG*, 245 F.R.D. 94, 104 (S.D.N.Y. 2006). In *Quinby*, the court denied the producing party's motion to shift the cost to the requesting party under Fed. R. Civ. P. 26(c) because the producing party "converted the Former Employees' e-mails into an inaccessible format after it should have anticipated this litigation." *Id at* 101.

Here, Defendants have not moved under Fed. R. Civ. P. 26(c) to shift the cost to Plaintiff of copying the DVR units in question or converting them to an accessible format, nor have Defendants moved to shift the cost to Plaintiff to have the copying take place at Defendants' businesses after-hours, as they now insist.

But, even if Defendants did make such a motion, Fed. R. Civ. P. 26(c) would be inapplicable here under the logic of *Quinby*. In discovery, Defendants have not put forth any evidence that they took reasonable steps to preserve the units, such as taking the units off-line, making back-ups of the units, or at the very least, inquiring of the manufacturer or reading the instruction manual to determine how long the units preserve recordings, following receipt of the Plaintiff's timely notice to preserve the units, annexed hereto as Exhibit 1.

In fact, Defendant Brian Burnam implicitly concedes that he did not take any reasonable steps to preserve the DVR units upon receipt of the notice to preserve. Defendant Burnam avers that he "believed the… shop's security cameras preserved recordings for an indefinite or lengthy period of time. It was only after this lawsuit was commenced that it was determined that video recordings are only saved for 30 days, then erased."). Responses to Plaintiff's Notice to Admit, annexed hereto as Exhibit 2. In other words, it appears that rather than take any of the aforementioned reasonable steps to preserve, such as taking the units off-line, making back-ups of the units, or at the very least, inquiring of the manufacturer or reading the instruction manual to determine how long the units preserve recordings, Defendant Burnam simply assumed on his own that the DVR units would preserve the recording "for an indefinite or lengthy period of time." As Defendants apparently took no reasonable steps to preserve the data on the DVR units, rendering the data "inaccessible", it is their burden to pay for the costs to attempt to render the data "accessible" again.

Although Defendants now claim that taking the units off-line and producing the units to a vendor for copying would be "potentially catastrophic", in reality, any such claimed "catastrophe" would be the direct result of Defendants' failure to take reasonable steps to preserve the units in the first place upon receipt of Plaintiff's notice to preserve. Further, although Defendants insist on shifting the costs to Plaintiff,

2

shifting the costs in this circumstance would set a perverse incentive for litigants. Under such a holding, litigants would be incentivized to render ESI that is unfavorable to them "inaccessible" because the requesting party would then have to shoulder the cost of making the evidence "accessible" again. Such a result would bar the doors to the court for many litigants, especially individuals seeking to vindicate their civil rights, who have otherwise meritorious claims, and would unjustifiably contravene the presumption in the law that "the responding party must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

      In sum, Plaintiff respectfully asks that the Court direct a telephonic conference to attempt to resolve these matters without resort to a motion to compel. Further, to the extent the Defendants are now claiming in inability to pay, Plaintiff also wishes to address a potential motion for security of costs under Local Rule 54.2.

Respectfully submitted,

Zachary J. Liszka, Esq.
*Counsel for Plaintiff*