UNITED STATES DISTRICTCOURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSHUA AHAMED,

                Plaintiff,

    -against-                        **REPORT & RECOMMENDATION**
                                                                 19 CV 6388 (EK) (CLP)

563 MANHATTAN INC. D/B/A COTTER
BARBER, *et al.*,

                Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On November 12, 2019, plaintiff Joshua Ahamed commenced this action against defendants 563 Manhattan Inc., d/b/a Cotter Barber, 321 Graham Inc., d/b/a Cotter Barber, and Brian Burnam, alleging claims of discrimination, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., as well as a claim of common law battery, based on defendant Burnam's alleged non-consensual touching of plaintiff. (ECF No. 1). On February 6, 2020, plaintiff filed an Amended Complaint, adding a Fourth Cause of Action, alleging that defendants filed a retaliatory counterclaim seeking punitive damages in violation of the NYCHRL. (Am. Compl.[1] ¶¶ 56–68).

      On February 24, 2023, plaintiff filed a motion for an order holding non-party witness Boris Barton in civil contempt of court for failing to obey the December 28, 2022 and January 23, 2023 subpoenas to appear for deposition, which were so ordered by this Court. (ECF No. 109). Plaintiff also requests monetary sanctions, including attorney's fees and costs, and monetary sanctions for each day that Mr. Barton has failed to comply with the Court's Orders.

---

[1] Citations to "Am. Compl." refer to plaintiff's First Amended Complaint, filed February 6, 2020. (ECF No. 11).

1

(Id.)  Moreover, plaintiff asks that if the witness should fail to appear in response to an Order to Show Cause, the Court order the United States Marshals Service to bring Mr. Barton to court. (Id.)

On June 10, 2023, this Court Ordered Mr. Boris Barton to appear for an in-person Show Cause Hearing scheduled for June 21, 2023.  (ECF No. 123).  On June 21, 2023, counsel for both parties appeared but Mr. Barton failed to appear and failed to contact the Court.  (ECF No. 126).

As set forth below, the Court certifies the following facts and, for the reasons stated herein, respectfully recommends that an Order of Contempt issue as to Mr. Barton.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ahamed brought this case seeking damages for discrimination, hostile work environment, battery, and retaliation for protected activity, stemming from the alleged non-consensual sexual touching by defendant Burnam during the course of plaintiff's employment with defendants.  Plaintiff alleges that he worked as a barista at the two Cotter Barber locations beginning on or about June 2019.  (Am. Compl. ¶ 16).  According to the Amended Complaint, defendant Burnam, hired plaintiff, set his work schedule and rate of pay, had the ability to fire plaintiff, and monitored plaintiff using security cameras in the locations.  (Id. ¶¶ 20–24).  Plaintiff alleges that on at least four occasions, between May 18, 2019 and July 2, 2019, defendant Burnam touched plaintiff's buttocks while plaintiff was working at the Cotter Barber locations, and on July 2, 2019, defendant Burnam "engaged in further non-consensual sexual touching of Ahamed . . . by tapping Ahamed's genitals with a large glass bottle in front of another co-worker."  (Id. ¶¶ 26, 30).

The background to this current motion to hold non-party witness Boris Barton in contempt is set forth in the Declaration of Zachary J. Liszka, Esq., in Support of Plaintiff's

2

Application for an Order to Compel Nonparty Witness Boris Barton to Comply with Lawful Subpoena and for an Order to Show Cause Why Boris Barton Should Not Be Held in Civil Contempt, dated February 24, 2023 ("Liszka Decl.," ECF No. 109-5), and in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel and to Show Cause Why Boris Barton Should Not Be Held in Contempt of Court ("Pl.'s Mem.," ECF No. 109-1).

Plaintiff's counsel explains in his Declaration that during the course of discovery in this case, he received a text message from Mr. Barton, a former employee of defendants. (Liszka Decl. ¶ 3, Ex. 1 at 1; Pl.'s Mem. at 4). According to plaintiff's counsel, Mr. Barton sought legal advice relating to a landlord/tenant matter. (Liszka Decl. ¶ 3, Ex. 1 at 1; Pl.'s Mem. at 4). During the course of discussing the matter with counsel, Barton volunteered that defendant Burnam had groped his buttocks during his employment. (Liszka Decl. ¶ 4; Pl.'s Mem. at 4–5). When asked if he would give a statement to that effect, Mr. Barton indicated that he would consider it and gave counsel his email address. (Liszka Decl. ¶ 4; Pl.'s Mem. at 5). According to counsel, he then sent an email to Mr. Barton, attaching a copy of plaintiff's Amended Complaint and testimony in this case. (Liszka Decl. ¶ 5, Ex. 1 at 3; Pl.'s Mem. at 5).

In response, Mr. Barton sent counsel a text indicating that he had read the complaint, was sorry about what happened to plaintiff, and solicited a loan from counsel for "groceries." (Liszka Decl. ¶ 6, Ex. 1 at 1; Pl.'s Mem. at 5). Counsel declined to loan Mr. Barton any money in exchange for his statement. (Liszka Decl. ¶ 6; Pl.'s Mem. at 5). However, according to counsel, Mr. Barton made two more attempts to obtain a loan from counsel, which counsel declined. (Liszka Decl. ¶ 7, Ex. 1 at 1–2; Pl.'s Mem. at 5–6).

On the eve of the close of discovery, August 2, 2022, defendants served plaintiff with an amended Rule 26 Initial Disclosure statement in which they identified Mr. Barton as a witness

3

whom they intended to call at trial.  (Liszka Decl. ¶ 9; Pl.'s Mem. at 6).  In connection with Mr. Barton's proposed trial testimony, defendants also served plaintiff with two declarations purporting to be sworn to by Mr. Barton, in which he declared that plaintiff's counsel had "tried to get me to agree that [defendant Burnam] had touched me inappropriately during my employment with Cotter Barber, which is false . . ., and I told [counsel for plaintiff] I would not lie to help him."  (Liszka Decl. Ex. 2; see also id. ¶ 10; Pl.'s Mem. at 6–7).

Counsel for defendants then moved to disqualify plaintiff's counsel based on the conduct described in the Barton Declarations, which defendants argued constituted a violation of the New York Rules of Professional Conduct.  (ECF No. 89; Liszka Decl. ¶ 11; Pl.'s Mem. at 7).  The district court denied the motion for disqualification.  (ECF No. 91).

On December 28, 2022, this Court granted plaintiff's motion for an extension of time to depose Mr. Barton, given defendants' representation that they intended to use the Barton Declarations in support of their anticipated motion for summary judgment.  (Minute Entry, dated Dec. 28, 2022; see Liszka Decl. ¶ 12; Pl.'s Mem. at 7).  The Court issued a so ordered subpoena directing Mr. Barton to produce certain documents and to appear for a Zoom deposition on January 17, 2023.  (ECF No. 95; see Liszka Decl. ¶ 13; Pl.'s Mem. at 7).  The Court further Ordered plaintiff to attempt to serve Mr. Barton with the subpoena at his last known place of business, and if that proved unsuccessful, the Court authorized service by the email address provided for him in discovery and which had been used by defendants to communicate with Mr. Barton.  (Minute Entry, dated Dec. 28, 2022; see Liszka Decl. ¶ 13).

After several failed attempts to serve Mr. Barton personally at the business address provided by defendants' counsel, plaintiff served him through email on January 13, 2023.  (ECF Nos. 104-1, 104-2; Liszka Decl. ¶ 14; Pl.'s Mem. at 8).  Thereafter, defendants filed an

4

application to adjourn the deposition, which was denied by the Court on January 13, 2023. (ECF Nos. 99, 103; Liszka Decl. ¶¶ 15, 16; Pl.'s Mem. at 8).

Plaintiff's counsel ultimately decided to reschedule the Barton deposition because the witness was not responding to counsel's efforts to find a time for the deposition that worked for the witness's schedule. (Liszka Decl. ¶ 17, Ex. 1 at 6–8; Pl.'s Mem. at 8). In consultation with defendants' counsel and the Court, plaintiff proposed February 7, 2023 as the rescheduled date for the deposition, and on January 23, 2023, this Court issued a second so ordered subpoena, warning Mr. Barton that "failure to appear for the deposition on February 7, 2023, or failure to attempt in good faith to reschedule the deposition . . . could result in his being held in contempt of Court and the Court's imposition of sanctions against him, which could include arrest." (ECF Nos. 104, 105; Liszka Decl. ¶¶ 19–20; Pl.'s Mem. at 8–9).

Plaintiff then served a copy of the second so ordered subpoena on Mr. Barton by email that same day. (Liszka Decl. ¶ 21, Ex. 1 at 9–15; Pl.'s Mem. at 9). Although Mr. Barton did not respond to the email, plaintiff represents that on three separate occasions, Mr. Barton opened the February 6, 2023 reminder email which contained the link to attend the virtual deposition. (See Liszka Decl. Ex. 1 at 15). Moreover, according to defendants' counsel, the defendant Brian Burnam had successfully contacted Mr. Barton and "urged him to attend his deposition the next morning." (Liszka Decl. ¶ 22; Pl.'s Mem. at 9).[2] However, Mr. Barton failed to appear; he did not contact the parties, and plaintiff's counsel has heard nothing from him since May 15, 2022. (Liszka Decl. ¶ 23, Ex. 3; Pl.'s Mem. at 9–10).

---

[2] In plaintiff's counsel's February 6, 2022 reminder email, plaintiff's counsel wrote: "As I understand it from Defendants [sic] counsel, Mr. Michael Ferch, he too has been unable to reach you at the telephone number he has listed for you; he tells me the number has been disconnected and he is unable to reach you." (Liszka Decl. Ex. 1 at 12, 15).

5

Pursuant to Local Civil Rule 83.6, on June 10, 2023, this Court issued an Order, which explained to Mr. Barton that plaintiff had filed a motion to hold him in civil contempt for failing to obey the December 28, 2022 and January 23, 2023 so-ordered subpoenas to appear for his deposition. (ECF No. 123). The Court Ordered Mr. Barton to Show Cause why he should not be Ordered to appear for a deposition in this action and why sanctions should not be assessed against him at an in-person Show Cause hearing held on June 21, 2023 at 9:30 a.m. (Id. at 1). Mr. Barton was warned that "[f]ailure to appear or respond to this Court Order will result in a recommendation to the district court that Mr. Barton be held in contempt of court." (Id.) Plaintiff was Ordered to serve a copy of the Order on Mr. Barton by e-mail (id. at 2), which he then did that same day. (ECF No. 124). Nevertheless, on June 21, 2023, although the Court waited over thirty minutes for Mr. Barton, Mr. Barton failed to appear and failed to contact the Court. (See Minute Entry, dated June 22, 2023; ECF No. 126).

## DISCUSSION

A. Civil Contempt Legal Standard

It is well-settled that federal courts have inherent power to punish contempt. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Ex parte Robinson, 86 U.S. 505, 510 (1873)); People ex rel. Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995); Kerr v. John Thomas Fin., No. 14 CV 9168, 2017 WL 485041, at *2 (S.D.N.Y. Feb. 3, 2017) (quoting D'Orange v. Feely, 959 F. Supp. 631, 634–35 (S.D.N.Y. 1997)), report and recommendation adopted, 2017 WL 1609224 (S.D.N.Y. May 1, 2017). Under Section 401 of Title 18 of the United States Code, a district court may "punish by fine or imprisonment, or both, . . . contempt of its authority," such as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. Under Rule 45 of the Federal Rules of Civil Procedure, a court "may hold in

6

contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); see also Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 117 (E.D.N.Y. 2008) (explaining that "Rule 45 grants the court the power to hold a party in contempt 'simply on the basis of failure to comply with a subpoena'") (quoting PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002)), report and recommendation adopted, id. at 116. Federal Rule 70 provides that a district court may hold a party in contempt for failing to comply with a court order to perform a certain act. Fed. R. Civ. P. 70(e). The Rules further provide that "[w]hen an order . . . may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71.

The concern animating the contempt power is disobedience of a court order and "'not . . . merely the disruption of court proceedings.'" Chambers v. NASCO, Inc., 501 U.S. at 44 (quoting Young v. United States ex rel. Vuitton et Fils, S.A., 481 U.S. 787, 798 (1987)). An individual may be subject to both civil and criminal penalties for failing to obey a valid order of the court. See United States v. Petito, 671 F.2d 68, 72 (2d Cir.) (citing Yates v. United States, 355 U.S. 66, 74 (1957)), cert denied, 459 U.S. 824 (1982). The main difference between civil and criminal contempt is the court's underlying purpose. While criminal contempt seeks to punish the contemnor, deter future offenses, or vindicate the authority of the court, civil contempt is used to coerce compliance with the court's order or compensate the complaining party for losses incurred resulting from the contemnor's conduct. See Nye v. United States, 313 U.S. 33, 42–43 (1941); Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir. 1988) (collecting cases); In re Grand Jury Witness, 835 F.2d 437, 440 (2d Cir. 1987), cert denied sub nom. Arambulo v. United States, 485 U.S. 1039 (1988); see also Walsh v. Il Vizio Restorante Italiano Corp., No. 21 MC 3147, 2022 WL 16540656, at *3 (E.D.N.Y. Oct. 27, 2022)

(explaining that "'[t]he imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged'") (quoting Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs. Inc., 369 F. 3d 645, 657 (2d Cir. 2004)).

District courts are imbued with "inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'" Powell v. Ward, 643 F.2d 924, 931 (2d Cir.) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)), cert. denied, 454 U.S. 832 (1981). This inherent power may only be exercised if "'(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Next Invs., LLC v. Bank of China, 12 F.4th 119, 128 (2d Cir. 2021) (quoting Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 142 (2d Cir. 2014)); see also Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d at 655; United Rentals, Inc. v. Adams, No. 19 CV 1210, 2021 WL 9563173, at *2 (D. Conn. Aug. 31, 2021); Cordius Trust v. Kummerfeld Assocs., Inc., 658 F. Supp. 2d 512, 515 (S.D.N.Y. 2009); Independent Living Aids, Inc. v. Maxi-Aids, Inc., 349 F. Supp. 2d 509, 515 (E.D.N.Y. 2004). "The movant bears the burden of proving contempt by clear and convincing evidence." Kerr v. John Thomas Fin., 2017 WL 485041, at *3 (citing Latino Officers Ass'n City of N.Y, Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009)).

Finally, in determining whether civil contempt sanctions should be imposed, the Supreme Court has set forth several factors for courts to consider: "(1) the character and magnitude of the harm threatened by continued contempt, (2) the probable effectiveness of the proposed sanction, and (3) the financial consequence of that sanction upon the contemnor." In re Grand Jury

Case 1:19-cv-06388-EK-CLP   Document 130   Filed 07/06/23   Page 9 of 15 PageID #: 2293

Witness, 835 F.2d at 443 (citing United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947), and Perfect Fit Indus., Inc. v. Acme Quilting Co., 673 F.2d 53, 57 (2d Cir.), cert. denied, 459 U.S. 832 (1982)); Independent Living Aids, Inc. v. Maxi-Aids, Inc., 349 F. Supp. 2d at 517.  "[T]he district court has 'broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions,' and '[i]ts determination will not be disturbed absent a clear showing of abuse of discretion.'" EEOC v. Local 28 of Sheet Metal Workers Int'l Ass'n, 247 F.3d 333, 336 (2d Cir. 2001) (per curiam) (quoting N.A. Sales Co., Inc. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984)).

B. Magistrate Judge's Authority

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances.  These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties.  28 U.S.C. §§ 636(e)(3), (4).  In all other instances where a person has committed an act constituting a contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

9

28 U.S.C. § 636(e)(6)(B)(iii).

Under the certification process, the magistrate judge may conduct a hearing, see, e.g., Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. at 118, British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A., No. 90 CV 2370, 2001 WL 958975, at *7 (S.D.N.Y. Aug. 22, 2001), Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999), but the magistrate judge functions to certify the relevant facts and not to issue an order of contempt. United Rentals Inc. v. Adams, No. 19 CV 1210, 2021 WL 8155600, at *2 (D. Conn. July 12, 2021) (certifying facts for the district court); Church v. Steller, 35 F. Supp. 2d at 217 (citing Litton Sys., Inc. v. AT&T, 700 F.2d 785, 827 (2d Cir. 1983), cert. denied, 464 U.S. 1073 (1984), and Stein Indus., Inc. v. Jarco Indus., Inc., 33 F. Supp. 2d 163, 165–66 (E.D.N.Y. 1999)); see also Gomez v. Scoma's, Inc., No. C-94-4452, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996) (holding that a magistrate judge's duty "is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order"). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Church v. Steller, 35 F. Supp. 2d at 217 (citing Proctor v. State Gov't of N.C., 830 F.2d 514, 521 (4th Cir. 1987)).

The district court, upon certification of the facts supporting a finding of contempt, is then required to undertake a de novo hearing. See Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 904, 907–08 (3d Cir. 1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt); see also Telebrands Corp. v. Marc Glassman, Inc., No. 09 CV 734, 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012) (explaining that "[t]he district judge, upon certification of the facts, is 'required to conduct a de *novo* hearing at which issues of fact and credibility determinations are to be

10

made'") (quoting Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008), report and recommendation adopted, id. at 55–60).  Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge."  Church v. Steller, 35 F. Supp. 2d at 217; see also In re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

C. Certified Facts

The Court hereby certifies that the plaintiff has set forth a prima facie case for contempt based on the following facts:

1. On December 28, 2022, the Court issued a so ordered subpoena directing Boris Barton to appear for a deposition and to produce evidence on January 17, 2023 by Zoom.

2. On January 13, 2023, plaintiff effectuated service of the December 28, 2022 subpoena on Boris Barton by e-mail, as authorized by the Court.

3. Boris Barton did not confirm that he would attend the deposition set for January 17, 2023, and so, on January 16, 2023, plaintiff adjourned the deposition.

4. On January 23, 2023, the Court issued a second so ordered subpoena directing Boris Barton to appear for a deposition and to produce evidence on February 7, 2023 by Zoom.

5. On January 23, 2023, plaintiff effectuated service of the January 23, 2023 subpoena on Boris Barton by email, as authorized by the Court.

6. On February 6, 2023, defendants' counsel notified plaintiff's counsel that defendant Brian Burnam had successfully reached out to Boris Barton and urged him to attend the February 7, 2023 deposition.

7. On February 7, 2023, Boris Barton failed to appear for his deposition.

8. Boris Barton failed to communicate with plaintiff's counsel that he could not or would not attend the February 7, 2023 deposition.

9. On June 10, 2023, the Court Ordered Boris Barton to appear for an in-person Show Cause Hearing on June 21, 2023.

10. On June 10, 2023, plaintiff effectuated service of the June 10, 2023 Order on Boris Barton by email, as authorized by the Court.

11. Boris Barton failed to appear for the in-person Show Cause Hearing on June 21, 2023 and failed to contact the Court after being served with the Order to appear.

D. Analysis

Turning to the first element that must be established before an Order of Contempt may be issued, the Court respectfully recommends that the court find that the December 28, 2022 so ordered subpoena, requiring that Mr. Barton appear for a deposition on January 17, 2023, and the January 23, 2023 so ordered subpoena, requiring that Mr. Barton appear for a deposition on February 7, 2023, were "clear and unambiguous" court orders.  See Hunter TBA, Inc. v. Triple V. Sales, 250 F.R.D. at 120 (finding that "the subpoena duces tecum requiring [defendant] to appear and to produce evidence was 'clear and unambiguous'"); PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. at 249 (finding there was "no doubt that [non-parties] did not comply with the subpoenas by failing to appear for scheduled depositions and to produce documents" and finding those non-parties in contempt).  Further, accompanying the January 23, 2023 so ordered subpoena, the Court's Order specifically warned Mr. Barton that a "failure to appear for the deposition on February 7, 2023, or failure to attempt in good faith to reschedule the deposition . . . could result in [Mr. Barton] being held in contempt of Court and the Court's imposition of

sanctions against him, which could include arrest." (ECF No. 105). Accordingly, it is respectfully recommended that the court find that plaintiff has established the first element required to certify a finding of civil contempt.

Turning to the second and third elements, the evidence provided by plaintiff in the February 24, 2023 Motion to Compel and to Show Cause Why Boris Barton Should Not Be Held in Contempt of Court, including the Declaration of Zachary J. Liszka, Esq., and the exhibits thereto, provide "clear and convincing" proof of Mr. Barton's noncompliance with this Court's January 23, 2023 Order. Plaintiff has furnished an affidavit of attempted service (ECF No. 104-1), detailing four unsuccessful attempts that were made to personally serve Mr. Barton with the December 28, 2022 subpoena, and emails to the witness relating to this litigation and the scheduled dates for his deposition. (Liszka Decl. Ex. 1 at 3–15). In plaintiff's counsel's February 6, 2023 email to Mr. Barton, he provided the link to attend the February 7, 2023 deposition, which was opened three times by Mr. Barton. (Id. at 15). Taken together with defendants' counsel's representation that defendant Burnam "successfully reached out to Mr. Barton" about the scheduled deposition (Liszka Decl. ¶ 22), the evidence suggests that Mr. Barton was served and made aware of his obligations pursuant to the Court's Orders.

Not only has Mr. Barton been contacted by both counsel for plaintiff and the defendant about these subpoenas and his need to attend the February 7, 2023 deposition, but Mr. Barton has been given several opportunities to comply. At plaintiff's counsel's request, the Court even indicated in its January 23, 2023 Order that Mr. Barton could write to the Court if he requested the appointment of counsel at his February 7, 2023 deposition. (See ECF Nos. 104, 105); see also New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1352 (2d Cir. 1989) (finding that "[s]ince no attempt – much less a diligent one – at compliance has been shown,

proof of non-compliance was established by clear and convincing evidence"). Moreover, prior to issuing this Report and Recommendation, this Court gave Mr. Barton one final opportunity to comply. The Court scheduled a Show Cause Hearing to give him an opportunity to explain his noncompliance and warned Mr. Barton that "[f]ailure to appear or respond to this Court Order will result in a recommendation to the district court that Mr. Barton be held in contempt of Court." (ECF No. 123). Nonetheless, Mr. Barton failed to appear for the Show Cause Hearing (ECF No. 126), and the Court has not heard from Mr. Barton to date.

Although plaintiff moves the Court to find Mr. Barton in contempt of both of this Court's December 28, 2022 and January 23, 2023 so ordered subpoenas, the Court notes that it was plaintiff who voluntarily adjourned the January 17, 2023 deposition. (Liszka Decl. Ex. 1 at 7–8; see also id. ¶ 17). Even though the deposition was adjourned because Mr. Barton failed to confirm that he would appear, plaintiff has not established by clear and convincing evidence that Mr. Barton should be held in contempt of the Court's December 28, 2022 Order. However, the Court's January 23, 2023 so ordered subpoena, requiring Mr. Barton's appearance on February 7, 2023, was not only clear, but the plaintiff has demonstrated by clear and convincing evidence that Mr. Barton failed to appear after numerous opportunities for compliance were provided to him, and he failed to communicate with either party or the Court before the scheduled date to indicate an inability to appear.

Accordingly, the Court respectfully recommends that Mr. Barton be held in contempt of court for his failure to comply with this Court's January 23, 2023 so ordered subpoena and that sanctions be imposed.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

14

Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "'failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision'") (quoting Small v. Secretary of Health & Hum. Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

Dated: Brooklyn, New York
July 6, 2023

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York