**ZACHARY J. LISZKA, ESQ.**
33 NASSAU AVENUE, FL 2, BROOKLYN, NEW YORK
ZACH@EMPLOYEELAWYER.NYC | 347-762-5131

July 10, 2023

**VIA ECF**
Hon. Chief Magistrate Judge Cheryl L. Pollak
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**  *Ahamed v. 563 Manhattan Inc., et al.* - 1:19-cv-06388-EK-CLP
Plaintiff Ahamed's Supplemental Letter-Brief Regarding Motion for
Spoliation Sanctions Against Defendants (ECF 110)

I am writing to supplement the record on behalf of Plaintiff Ahamed regarding his pending motion for spoliation sanctions against Defendant Brian Burnam (ECF 110).

To further support the motion, Plaintiff Ahamed is submitting the following text messages exchanged between Defendant Brian Burnam and his former employee, "Alice," on December 20, 2019. (Exhibit 1).These text messages include a video that Defendant Burnam recorded using the Cotter Barber security cameras. (Id.).

The text message exchange (Exhibit 1) clearly demonstrates that Defendant Burnam knew how to operate, playback, record, save, and, importantly, had the skill to export/backup videos from the Cotter Barber security cameras.

Furthermore, this text message exchange contradicts Defendant Burnam's previous sworn testimony, where he claimed to lack a basic understanding of how the security camera systems at the Cotter Barber locations functioned (Exhibit 2: Decl. of Brian Burnam, ¶ 6, dated November 17, 2021; Response to Plaintiff's Second Interrogatory, ¶ 3, dated November 24, 2020; Excerpt of Burnam Dep. Tr. 115:18-23).

Additionally, this text message exchange (Exhibit 1) directly contradicts statements made by Defendants' counsel throughout the discovery process, asserting that Defendants lacked the knowledge to back up the recordings (e.g., ECF 34, p 3. ("Defendants do not have the skills to copy the hard drive onto a USB stick, *or otherwise*").

In sum, these text messages (Exhibit 1) and the repeated false representations made by Defendants' counsel throughout discovery indicate that Defendants acted in bad faith regarding the spoliation of the video evidence at issue in Plaintiff Ahamed's motion (ECF 110).

      I respectfully ask that Your Honor consider this additional evidence in regard to Plaintiff Ahamed's pending motion for spoliation sanctions against Defendants (ECF 110).

      Thank you for your time and consideration of this matter.

                                           Respectfully submitted,

By:                               
                                 Zachary J. Liszka, Esq.
*Counsel for Plaintiff Ahamed*